UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN FERGUSON and REBECCA JO FERGUSON,

    Plaintiffs,

v.

MONSANTO CO.; *et al.*,

    Defendants.

Case No. C08-5216RJB

ORDER ON DEFENDANT JOHNS MANVILLE, INC.'S MOTION FOR DISMISSAL

This matter comes before the Court on the Defendant Johns Manville, Inc.'s Motion for Dismissal (Dkt. 103), and is joined by Defendants Friedrich & Dimmock, Inc. (Dkt. 107), 3M Company (Dkt. 126), Hammond Lead Products, Inc. (Dkt. 129), Sojitz Corporation of America (Dkt. 130), Transammonia, Inc. (Dkt. 131), and Nippon Oil (Dkt. 139). Plaintiffs also move to amend the Complaint. Dkt. 136. The Court has considered the pleadings filed in support of and in opposition to the motions, and the remainder of the file herein.

## I.    FACTS

On April 7, 2008, Plaintiffs filed this diversity action. Dkt. 1. They allege in their Complaint that while Mr. Ferguson worked on the Puget Sound Naval Shipyard from 1989 to 2005, he was exposed to toxins tested, manufactured, and/or distributed by Defendants. Dkt. 1, at 4-5. Plaintiffs allege that Mr. Ferguson was diagnosed with anaplastic large cell lymphoma in April of 2005. Dkt. 1, at 2. Plaintiffs allege that Mr. Ferguson's personal injuries are a result of exposure to, or failure of, products tested, manufactured, and/or distributed by Defendants. Dkt. 1. Plaintiffs make claims for negligence, strict

product liability, negligent infliction of emotional distress, breach of express warranty, and loss of consortium. Dkt. 1.

Plaintiffs' counsel, Clayton W. Kent, of Brayton Purcell LLP, was admitted to practice before this Court *Pro Hac Vice* on April 16, 2008. Dkt. 5. Delaney Miller, also of Brayton Purcell LLP, was local counsel. Dkt. 1. Mr. Miller apparently left Mr. Kent's firm on May 30, 2008. Dkt. 45. Mr. Kent then hired Jane Vetto on September 22, 2008. *Id*. Ms. Vetto filed a Notice of Appearance in this case on November 4, 2008, and Mr. Miller was permitted to withdraw. Dkt. 8.

On December 9, 2008, this Court issued an Order to Show Cause. Dkt. 9. The Court noted that parties had not filed a Joint Status Report as ordered. *Id.* Plaintiff's counsel was ordered to show cause, if any they had, why this case should not be dismissed without prejudice for failure to comply with Fed. R. Civ. P. 16 (f)(1) by December 23, 2008. *Id.*

On December 22, 2008, a Proof of Service form was filed, indicating that Defendant 3M Company was served on December 15, 2008. Dkt. 10.

On December 23, 2009, Plaintiffs' counsel responded to the Order to Show Cause stating that after Mr. Miller left Brayton Purcell LLP on May 30, 2008, Plaintiffs did not have local counsel. Dkts. 15 and 45 at 3. Plaintiffs' counsel states that he did not begin service at an earlier date because his "pro hac vice status was in limbo, and without local counsel, [he] did not want to violate any local or Federal Rules by continuing to act as counsel in this matter without a licensed Washington attorney with [him] on the case." Dkt. 15, at 4.

On January 5, 2009, Defendant 3M Company moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 4 (m). Dkt. 23. Fed. R. Civ. P. 4 (m) provides that,

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiffs responded to the Motion to Dismiss, and argued that they had good cause for failing to serve the Defendants within the 120 day time limit set in Rule 4. Dkt. 45. Mr. Kent reiterated that he was concerned about serving the Summons and Complaint on the Defendants prior to when Ms. Vetto joined the case because there was no local counsel on record. *Id.* Plaintiffs' counsel stated that if the case was

dismissed at that time, Plaintiffs would be severely prejudiced because the statute of limitations had run. *Id.,* at 8.

Defendant 3M Company's Motion to Dismiss was denied. Dkt. 50. This Court found that Plaintiffs had shown sufficient good cause as contemplated by Fed. R. Civ. P. 4(m) for failing to serve the Summons and Complaint within 120 days. *Id.* In light of the several Defendants named, and the fact that, according to Plaintiffs, the statute of limitations had run, this Court gave Plaintiffs an additional 60 days from February 3, 2009, to serve the remaining Defendants. *Id.* The deadline for the Joint Status Report was reset for April 24, 2009. *Id.*

## *PENDING MOTIONS*

Defendants Johns Manville, Inc., Friedrich & Dimmock, Inc., 3M Company, Hammond Lead Products, Inc., Sojitz Corporation of America, Transammonia, Inc., and Nippon Oil move to dismiss the claims in the Complaint against them, arguing that: 1) Plaintiffs' claims are barred by the statute of limitations, 2) Plaintiffs' common law claims are preempted by the Washington Products Liability Act ("WPLA"), and 3) the Complaint fails to meet the pleading standards mandated by the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). Dkts. 103, 107, 126, 129-131, and 139. Defendant Johns Manville, Inc. further argues that to the extent that Plaintiffs make claims against it regarding asbestos exposure, those claims are prohibited by a 1986 injunction entered in the U.S. Bankruptcy Court for the Southern District of New York. Dkt. 103.

Plaintiffs oppose the motion, and argue that they had good cause for failing to serve the Defendants within the 120 day time limit set by Fed. R. Civ. P. 4 (m). Dkt. 136. Plaintiffs argue that dismissal of the case at this time would severely prejudice them as their statute of limitations has now run. *Id.* Plaintiffs argue that they were prevented from serving the Summons and Complaint on the Defendants due to the loss of their first local counsel, Mr. Miller, in May of 2008. *Id.* Plaintiffs argue that the Washington statute of limitations was tolled from May 30, 2008, when Mr. Miller left, to November 4, 2008, when Ms. Vetto joined the case. *Id.* at 4-6. Plaintiffs argue that their claims are viable under WPLA, and seek an opportunity to amend the Complaint to consolidate their claims and bring them into compliance with the WPLA. *Id.,* at 6.

This opinion will first address the Defendants Motions to Dismiss and then the Plaintiff's Motion to Amend the Complaint.

## II. DISCUSSION

### A. MOTIONS TO DISMISS

As a federal court sitting in diversity, this court is bound to apply state law. *State Farm Fire and Casualty Co. v. Smith*, 907 F.2d 900, 901 (9th Cir. 1990). A personal injury tort action brought in Washington must be commenced within three years. RCW 4.16.080(2). Under Washington law, a tort action is commenced and the statute of limitations is tolled when "when the complaint is filed or summons is served whichever occurs first." RCW 4.16.170. RCW 4.16.170 further provides that "[i]f service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint." If following the filing of the complaint, "service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations." RCW 4.16.170.

The Defendants' motions to dismiss should be granted and this case dismissed against them. Plaintiffs do not dispute that they failed to serve any one of the Defendants within the ninety day time limit set out in RCW 4.16.170. Plaintiffs argue that the ninety day time limit set out in RCW 4.16.170 should be tolled for the period of time in which they did not have local counsel. Dkt. 136. Plaintiffs argue that under Washington law, "[w]hen a person is prevented from exercising his legal remedy by some positive rule of law, the time during which he is prevented from bringing suit is not to be counted against him in determining whether the statute of limitations has barred his right even though the statute makes no specific exception in his favor in such cases." *Id.*, at 5, (*citing Seamans v. Walgren*, 82 Wn.2d 771, 775 (1973)). In *Seamans*, the plaintiff argued that the statute of limitations should be tolled under RCW 4.16.170 because the Defendant, a Washington legislator, could not be served under the Washington Constitution until the legislative session was over. Plaintiffs also cite *Broad v. Mannesmann Anlagenbau AG*, 196 F.3d 1075 (9th Cir. 1999) in support of their position. In *Broad*, the plaintiff sued a German manufacturer for personal injuries. *Id.* The *Broad* plaintiff filed his Complaint, and then pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial

Matters, transmitted the appropriate documents to the German Central Authority for service. *Id.* The U.S. District Court dismissed his case as untimely for failure to serve the complaint within the 90-day time period under RCW 4.16.170. *Id.* On appeal, the Ninth Circuit certified to the Washington Supreme Court the question of whether under Washington state law, the 90-day time period for service in RCW 4.16.170 should be extended once the necessary documents are transmitted to the central authority, provided that they are transmitted within the 90-day period. *Id.* The Washington Supreme Court held that "[b]ecause the plaintiff lacks control over the timing of service once the documents are transmitted to a designated central authority, we hold that the analysis of *Seamans* and the policy underlying RCW 4.16.230 applies to toll the statute of limitations once the necessary documents are sent to the central authority, provided they are transmitted within the 90-day period of RCW 4.16.170." *Id.*

Here, unlike the plaintiffs in *Broad* and *Seamans* Plaintiffs have not shown that they "lacked control over the timing of service" in a manner justifying tolling the statute of limitations. Plaintiffs difficulty in maintaining local counsel is not a sufficient basis to toll the statute of limitations. Even if it were, under the facts of this case, Plaintiffs had local counsel for over 90 days before service was made on any Defendant. They had Mr. Miller for 53 days from April 7, 2008, to May 30, 2008, and Ms. Vetto from November 4, 2008, to December 11, 2009, (for the remaining 37 days they needed serve one of the Defendants to toll the statute of limitations under RCW 4.16.170). The first Defendant was served on December 15, 2008. Dkt. 10. The Ninth Circuit has held that a plaintiff, in federal court that is sitting in diversity, "has 120 days to effect service after filing a complaint only if this period enables him to serve within the statutory period for commencing an action controlled by state law." *Torre v. Brickey,* 278 F.3d 917 (9th Cir. 2002) (dismissing plaintiff's case after applying Oregon state law regarding commencement of action and statute of limitations). The Defendants' Motions to Dismiss (Dkt. 103, 107, 129, 130, 131, and 139) should be granted. This opinion will not address Defendants remaining arguments for dismissal of the action against them.

Some of the Defendants who have been served and filed a notice of appearance did not join in this motion. There are some Defendants who have not yet been served, despite the Court's order that they be served within 60 days of February 3, 2009. Dkt. 50. Plaintiffs should be ordered to show cause, if any

they have, why this matter should not be dismissed against the remaining Defendants, whether or not they have been served, by May 15, 2008.

### B. MOTION TO AMEND COMPLAINT

To the extent that Plaintiffs move to amend their Complaint, the motion should be denied because amendment would be futile. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)(holding that futility alone can justify the denial of a motion to amend the complaint). Plaintiffs acknowledge that the statute of limitations has run, and articulate no basis for tolling the statute.

### III. ORDER

Therefore, it is hereby, **ORDERED** that:

- Defendant Johns Manville, Inc.'s Motion for Dismissal (Dkt. 103) is **GRANTED**;
- Plaintiff's claims against Defendants Johns Manville, Inc., Friedrich & Dimmock, Inc., 3M Company, Hammond Lead Products, Inc., Sojitz Corporation of America, Transammonia, Inc., and Nippon Oil are **DISMISSED**;
- Plaintiffs' Motion to Amend the Complaint (Dkt. 136) is **DENIED**,
- Plaintiffs are **ORDERED TO SHOW CAUSE**, if any they have, why this matter should not be dismissed against the remaining Defendants, whether or not they have been served, by **May 15, 2009**; and
- The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 30th day of April, 2009.

Robert J. Bryan
United States District Judge